# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN G. VIRAMONTES, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0363-TWT-RGV-19 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-2212-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 25th day of March, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN G. VIRAMONTES, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0363-TWT-RGV-19 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-2212-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on movant Juan G. Viramontes' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 705], and supporting memorandum, [Doc. 719], the government's response, [Doc. 727], and Viramontes' reply, [Doc. 731]. For the following reasons, the undersigned **RECOMMENDS** that Viramontes' § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a 19-count indictment against Viramontes and several others involved in a drug trafficking and money laundering organization that operated between Mexico and Atlanta, Georgia. [Doc. 1]. Viramontes was charged in Count One with conspiracy to possess with the intent to distribute at least 5 kilograms of a mixture containing a detectible amount of

cocaine and/or 1000 kilograms of a mixture containing a detectible amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), and 846; in Count Two with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h); in Count Five with aiding and abetting money laundering in the amount of $1.1 million on April 18, 2008, in violation of §§ 1956(a)(1)(B)(i) and 2; and in Count Fourteen with aiding and abetting money laundering in the amount of $1.5 million on May 9, 2008, in violation of §§ 1956(a)(1)(B)(i) and 2.  [Id.].

On July 17, 2009, Viramontes, represented by attorney Derek Jones, attempted to enter a guilty plea to Count Two, pursuant to a negotiated plea agreement in which the government had agreed to dismiss the remaining counts. [Doc. 723 at 1, 8]. After the prosecutor described the elements of the offense charged in Count Two, the Court asked Viramontes, who was speaking through an interpreter, to describe in his own words what he understood he was charged with in Count Two, and Viramontes replied, "That I knew where the money had come from.  But it says that I knew, but actually I didn't know." [Id. at 12-13].  Because Viramontes stated that he did not know that the money came from unlawful activity, the Court refused to accept the plea. [Id. at 14-15].

2

Following a four day trial, the jury found Viramontes guilty on all counts. [Docs. 514, 517-20]. The Court imposed a total sentence of 235 months of imprisonment. [Doc. 580]. Still represented by Jones, Viramontes appealed, arguing that the sentence was unreasonable and that the Court erred by: (1) allowing Lieutenant David Noe and Sergeant Blake Swicord to testify as experts; (2) allowing co-conspirator Abraham Romero to testify regarding phone conversations between other co-conspirators when Romero was not a party to those conversations; (3) failing to give the good character jury charge that Viramontes requested; (4) giving the pattern charge on deliberate ignorance; and (5) denying his request to review the presentence investigation reports of similarly situated co-defendants. Br. of Appellant, United States v. Viramontes, No. 10-12808, 2010 WL 5145968, at *13-37 (11th Cir. Aug. 30, 2010). The United States Court of Appeals for the Eleventh Circuit affirmed Viramontes' conviction and total sentence on March 28, 2011. United States v. Viramontes, 419 F. App'x 938, 945 (11th Cir. 2011) (per curiam) (unpublished).

On June 25, 2012, Viramontes timely filed this pro se § 2255 motion. [Doc. 705]. Construing the motion liberally, it appears that Viramontes raises the following grounds for relief: (1) counsel was ineffective at trial for failing to (a) object to the money laundering charges based on insufficient evidence and (b) present evidence

3

showing that there "was almost no link between the drug transportation from Mexico and the money [Viramontes] took";[1] (2) counsel was ineffective on appeal for failing to raise an insufficiency of evidence claim as to the money laundering charges; and (3) counsel's ineffective advice caused Viramontes to reject the government's plea offer. [Id. at 4-5, 7-8, 10; Doc. 719]. The government responds that Viramontes' motion is without merit. [Doc. 727 at 15-37]. Viramontes replies, reasserting the merits of his grounds for relief. [Doc. 731].

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States

---

[1] To the extent that Viramontes intended to raise the alleged lack of evidence linking the money he transported to drug proceeds as a due process claim, he is procedurally barred from raising it in this § 2255 motion because he did not raise it on direct appeal. Jones v. United States, 153 F.3d 1305, 1307 (11th Cir.1998).

4

v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (applying Strickland to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of

5

reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted); see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (internal quotation marks and citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id.; see also Eagle, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

### B. Failure to Challenge the Money Laundering Charges at Trial

Viramontes first claims that counsel was ineffective for failing to argue that there was insufficient evidence to support the money laundering charges. [Doc. 705 at 4]. Specifically, Viramontes contends that the Supreme Court's decision in Cuellar v. United States, 553 U.S. 550 (2008), required the government to prove that he knowingly transported the money with the intent to conceal its source. [Doc. 719 at 1-2]. Viramontes maintains that the evidence presented at trial established that he transported the money without knowing its source because, in accordance with the drug trafficking organization's custom and practice, no one told him.[2] [Id. at 2].

---

[2] Viramontes further argues that counsel should have objected to the Court's purported instruction "that the jury could infer from the evidence that Viramontes knew that it was money from a drug transaction." [Doc. 719 at 2]. The undersigned cannot locate this statement in the transcript of the Court's instructions to the jury, [See Doc. 619 at 4-22], and thus, it is unclear to which portion of the Court's jury instructions Viramontes objects. In any event, as discussed further in this section, Viramontes' knowledge could be proven by circumstantial evidence. Additionally, the Court's jury instructions on the money laundering charges correctly stated the elements for conviction. [See Doc. 619 at 11-17]. Thus, counsel's decision not to raise this meritless objection was reasonable. See Freeman v. Attorney Gen. of Fla., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a

7

In order to convict Viramontes of conspiracy to commit money laundering in violation of § 1956(h), the government had to prove beyond a reasonable doubt: "(1) agreement between two or more persons to commit a money-laundering offense; and (2) knowing and voluntary participation in that agreement by the defendant." United States v. Broughton, 689 F.3d 1260, 1280 (11th Cir. 2012) (citation omitted).

> Conspiracy may be proven by circumstantial evidence and the extent of the defendant's knowledge of details in the conspiracy does not matter if the proof shows that he knew the essential objective of the conspiracy. In the case of a conspiracy to launder money, the essential aspect of the conspiracy charge is that the defendant knew that the funds involved in the transactions represented the proceeds of unlawful activity.

United States v. Molina, 413 F. App'x 210, 212 (11th Cir. 2011) (per curiam) (unpublished) (internal quotation marks and citations omitted).  The object of the conspiracy charged in Count Two was conducting or attempting to conduct a financial transaction involving the proceeds of a specified unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity in violation of § 1956(a)(1)(A)(i), or (b) knowing that the transaction was designed to conceal or disguise the proceeds of the specified unlawful activity in violation of § 956(a)(1)(B)(i). [Doc. 1 at 3-4].

---

meritless claim.") (citation omitted).

To convict Viramontes on the substantive money laundering counts charging violations of § 1956(a)(1)(B)(i), the government was required to prove beyond a reasonable doubt that Viramontes

> (1) engaged in a financial transaction, (2) which he knew involved funds that were the proceeds of some form of unlawful activity, (3) where the funds involved in the financial transaction in fact were the proceeds of a specified unlawful activity, and . . . (4) that [he] engaged in the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity.

Molina, 413 F. App'x at 212-13 (internal quotation marks and citations omitted). The Supreme Court held in Cuellar that the fourth element "requires proof that the purpose—not merely effect—of the transportation was to conceal or disguise a listed attribute." Cuellar, 553 U.S. at 567; see also United States v. Kresler, 392 F. App'x 765, 775 (11th Cir. 2010) (per curiam) (unpublished) (citing Cuellar in addressing whether the evidence was sufficient to support a conviction under § 1956(a)(1)(B)(i)). The Court explained:

> In many cases, a criminal defendant's knowledge or purpose is not established by direct evidence but instead is shown circumstantially based on inferences drawn from evidence of effect. Specifically, where the consequences of an action are commonly known, a trier of fact will often infer that the person taking the action knew what the consequences would be and acted with the purpose of bringing them about.

9

Cuellar, 553 U.S. at 567 n.8 (citation omitted).

Viramontes claims that the evidence was insufficient to show (1) that he knew the proceeds were from some form of unlawful activity and (2) that he knew the purpose of the transactions was to conceal or disguise the nature, location, source, ownership, or control of the proceeds. [Doc. 705 at 4, 7-8; Doc. 719 at 1-3; Doc. 731 at 4-5]. When reviewing a challenge to the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). All reasonable inferences and credibility assessments must be drawn in the government's favor. United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005). "[I]n reviewing the prosecution's case, [the Court] draw[s] no distinction between circumstantial and direct evidence." Id. at 1328.

Viramontes worked for the drug trafficking and money laundering organization as a truck driver. [Doc. 616 at 87-89]. As to Viramontes' knowledge that he was transporting drug proceeds, co-conspirator Andres Cavasos testified that he supervised truck drivers involved in this organization, that he sent them to Atlanta to pick up drug money in April and May of 2008, and that the drivers generally knew that they were

10

transporting drug proceeds. [Doc. 617 at 114, 116-19]. Co-conspirator Abraham Romero testified regarding intercepted phone conversations, including one between co-conspirator Edgar Rodriguez and Viramontes in which they were "coming to an agreement with respect to a money delivery to the warehouse." [Id. at 132, 136-37, 146-47, 150, 152]. Romero further testified that, every time a tractor trailer came to the warehouse, it received money. [Id. at 159].

Additionally, Sergeant Swicord of the Georgia State Patrol, who was qualified as an expert in commercial vehicle drug trafficking and money laundering, testified that the activities involving the tractor-trailer driven by Viramontes on April 18, 2008 did not comport with the requirements and conduct associated with a legitimate load. [Doc. 618 at 32-33, 36-44]. Sergeant Swicord listed several suspicious factors, including that when Viramontes backed the trailer up to the warehouse to be loaded he opened only one of the trailer doors, the loading time was only approximately four minutes, the trailer was loaded by non-uniformed workers who ran to an unmarked van and left as soon as they were done loading, and Viramontes did not appear to have any paperwork, which would be required for a legitimate load. [Id. at 39-44, 56-59]. Sergeant Swicord also testified that, based on Viramontes' ability to execute a Y-turn

11

and back the trailer into the right spot perfectly the first time, he appeared to be a very experienced driver. [Id. at 38-39].

Regarding Viramontes' knowledge of the purpose of the transactions, Lieutenant Noe of the Drug Enforcement Administration, who was qualified as an expert in Mexico-based drug trafficking organizations operating in the metropolitan Atlanta area, testified that such organizations commonly send the proceeds earned from the sale of drugs in the United States back to Mexico, where it is easier to conceal the source. [Doc. 616 at 60, 74-80]. Lieutenant Noe further testified that the transporters of the money are "commonly aware" of this assistance that they are providing to these drug organizations. [Id. at 80].

Viewing the evidence in the light most favorable to the prosecution, a jury could properly infer from the testimony of his co-conspirators, the expert witnesses, and the circumstantial evidence regarding the unusual loading of the trailer that Viramontes knew that he was transporting drug proceeds for the purpose of concealing the ownership or control of the proceeds. See Cuellar, 553 U.S. at 567 n.8; Broughton, 689 F.3d at 1280; Molina, 413 F. App'x at 212-13. Thus, counsel's decision not to raise this meritless objection to the sufficiency of the evidence on the money laundering charges was reasonable. See Freeman, 536 F.3d at 1233.

12

**C.   Failure to Rebut Link Between Money Transported and the Drug Proceeds**

Viramontes next contends that counsel was ineffective at trial for failing to present evidence establishing that there "was almost no link between the drug transportation from Mexico and the money [Viramontes] took." [Doc. 705 at 7-8; Doc. 719 at 2-3]. Viramontes, however, fails to identify any available witnesses or evidence that counsel could have presented. [Id.]. To the extent that Viramontes contends that he could have testified that he did not know the money transported was drug proceeds, the record indicates that Viramontes knowingly and voluntarily elected not to testify after discussing the matter with counsel and concluding that testifying was not in his best interest. [Doc. 618 at 84-87]. Accordingly, Viramontes fails to show deficient performance by counsel or prejudice on this ground. See Strickland, 466 U.S. at 689-90, 694; Chandler, 218 F.3d at 1314.

**D.   Failure to Raise Sufficiency of Evidence as to the Money Laundering Charges on Direct Appeal**

Viramontes also maintains that he received ineffective assistance of counsel on appeal because counsel failed to raise an insufficiency of evidence claim as to the money laundering charges. [Doc. 705 at 5; Doc. 719 at 2]. As discussed already in section II. B., the evidence presented at trial was sufficient to support Viramontes'

13

money laundering convictions. Thus, counsel's failure to raise this non-meritorious claim on appeal does not amount to constitutionally ineffective assistance. See Lambrix v. Singletary, 72 F.3d 1500, 1507 (11th Cir. 1996) (holding that appellate counsel's failure to brief issues reasonably considered to be without merit did not constitute deficient performance). Accordingly, Viramontes is not entitled to relief on this ground.

### E. Counsel's Advice Regarding the Government's Plea Offer

Finally, Viramontes contends that he rejected the government's plea offer based on counsel's failure to advise him of "the extent of the plea agreement." [Doc. 705 at 10; Doc. 719 at 3-4]. In his reply, Viramontes explains that he did not understand, prior to his appearance before the Court, that he would have to admit knowing "where the money that he transported came from." [Doc. 731 at 2]. Viramontes asserts that had counsel explained all of the provisions of the plea agreement to him, he "would have stood by the signed agreement that was obviously to his benefit." [Id. at 3].

Viramontes did not reject the government's plea offer; rather, the Court refused to accept his plea after he denied knowing that the money came from unlawful activity. [Doc. 723 at 12-15]. Even assuming that counsel failed to clearly explain that Viramontes must admit such knowledge, the Court repeatedly informed him of this

14

requirement during the plea hearing. [Id. at 14-15]. Although Viramontes clearly understood during this exchange with the Court that he would have to admit knowledge in order for the Court to accept his plea, he still insisted that he did not know the money came from unlawful activity. [Id.].

In order to establish prejudice based on counsel's allegedly incompetent advice regarding a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). Viramontes' "after the fact [statement] concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835.

Viramontes cannot show that he would have admitted knowing that the money came from unlawful activity but for the allegedly ineffective advice of counsel because, after the Court clearly explained that it would not accept a plea unless he

15

admitted that he knew the money came from unlawful activity, Viramontes insisted at least twice that he did not really know. [Doc. 723 at 14-15]. Indeed, Viramontes maintains in his motion and supporting memorandum that he did not know the money he transported came from drug trafficking. [Doc. 719 at 2]. Therefore, Viramontes fails to show that he would have accepted the plea offer had counsel clearly advised him of the knowledge element of his offenses. See Oliver v. United States, 292 F. App'x 886, 887 (11th Cir. 2008) (defendant "maintained his innocence throughout trial and during his sentencing, which undermines his claim that he would have consented to a plea agreement.").

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant

16

satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Viramontes' grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 705], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 25th day of March, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE